# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| WASEEM DAKER, | : |
| Plaintiff, | : |
| VS. | : |
| | : CASE NO.: 5:16-CV-538-CAR-MSH |
| COMMISSIONER HOMER BRYSON *et al.*, | : |
| Defendants. | : |

## ORDER

Presently pending before the Court is *pro se* Plaintiff Waseem Daker's motion for leave to appeal *in forma pauperis* (ECF No. 22) from the Court's June 8, 2017 Order dismissing the majority of Plaintiff's claims as frivolous and/or malicious or for failing to state a claim upon which relief may be granted and transferring Plaintiff's remaining claims to the Southern District of Georgia. Plaintiff has also filed a motion for reconsideration of that order (ECF No. 20) pursuant to Federal Rule of Civil Procedure 59(e). For the following reasons, the Court **DENIES** Plaintiff's motion to appeal *in forma pauperis* and **DENIES in part and GRANTS in PART** Plaintiff's motion for reconsideration.

### I.  Motion for Reconsideration

The Court recognizes three circumstances that warrant reconsideration of a prior order under Rule 59(e): "(1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or manifest injustice." *Daker v.*

*Humphrey*, Civil Action No. 5:12-CV-461 (CAR), 2013 WL 1296501, at *2 n.1 (M.D. Ga. Mar. 27, 2013) (quoting *Fla. College of Osteopathic Med., Inc. v. Dean Witter*, 12 F. Supp. 2d 1306, 1308 (M.D. Fla. 1998)). Plaintiff alleges that there is a need for the Court to correct clear errors or manifest injustice in this case. ECF No. 20 at 1. Specifically, Plaintiff contends that the actions complained about in the Complaint in the above-captioned action occurred in November of 2016, several months after he filed the amended complaint in *Daker v. Owens*, No. 5:12-cv-459-CAR-MSH (M.D. Ga. Nov. 20, 2012) ("*Daker I*"). *Id.* Thus, Plaintiff argues, the claims in this Complaint cannot be duplicative of the claims in *Daker I*. *Id.* Plaintiff also alleges that the Court erred in dismissing Plaintiff's "other claims," but provides no basis for this error other than his belief that "such claims plainly state a valid claim upon which relief may be granted." *Id.*

As Plaintiff has been previously advised, "'motions for reconsideration are disfavored'" and "'relief under Rule 59(e) is an extraordinary remedy to be employed sparingly.'" *Mercer v. Perdue Farms, Inc.*, No. 5:10-cv-324 (CAR), 2012 WL 1414321, at *1 (M.D. Ga. Apr. 20, 2012) (quoting *Krstic v. Princess Cruise Lines, Ltd.*, 706 F. Supp. 2d 1271, 1282 (S.D. Fla. 2010)). The Court clearly considered Plaintiff's allegations that various Reidsville Defendants violated Plaintiff's constitutional rights in November of 2016 and transferred those claims to the Southern District of Georgia. *See, e.g.,* ECF No. 17 at 9, 11. It was only Plaintiff's remaining claims that were found to be duplicative and were consequently dismissed as frivolous and/or malicious pursuant to 28 U.S.C. § 1915. The Court thus finds that Plaintiff has failed to demonstrate that the Court clearly erred in rendering its decision or that Plaintiff has suffered a manifest

injustice because the Court failed to consider actions that occurred in November 2016. The Court observes, however, that its order of dismissal stated that Plaintiff would have the opportunity to fully litigate his duplicative claims in *Daker I*. *See* ECF No. 17 at 9. The Court thus intended that Plaintiff's duplicative claims be dismissed without prejudice to his prosecution of those duplicative claims in *Daker I*. In an abundance of caution, the Court accordingly **MODIFIES** its order and judgment in this case so that the dismissal of the duplicative claims is **WITHOUT PREJUDICE** to Plaintiff's prosecution of his claims in *Daker I*. *See Lewis v. Sec'y of Pub. Safety & Corr.*, 508 F. App'x 341, 344 (5th Cir. 2013) (per curiam). Plaintiff's motion (ECF No. 20) is therefore **DENIED in part and GRANTED in part.** The Clerk of Court is **DIRECTED** to **AMEND** the Judgment in accordance with this Order.

## II. Motion for Leave to Appeal *in forma pauperis*

Pursuant to 28 U.S.C. § 1915(a)(1), a court may authorize an appeal of a civil action or proceeding without prepayment of fees or security therefor if the putative appellant has filed "an affidavit that includes a statement of all assets" and "state[s] the nature of the . . . appeal and [the] affiant's belief that the person is entitled to redress."[1] If the trial court certifies in writing that the appeal is not taken in good faith, however, such

---

[1] Federal Rule of Appellate Procedure 24 similarly requires a party seeking leave to appeal *in forma pauperis* to file a motion and affidavit that establishes the party's inability to pay fees and costs, the party's belief that he is entitled to redress, and a statement of the issues which the party intends to present on appeal. Fed. R. App. P. 24(a).

appeal may not be taken *in forma pauperis*. 28 U.S.C. § 1915(a)(3).[2] "'[G]ood faith' . . . must be judged by an objective standard." *Coppedge v. United States*, 369 U.S. 438, 445 (1962). The plaintiff demonstrates good faith when he seeks review of a non-frivolous issue. *Id.*; *see also Morris v. Ross*, 663 F.2d 1032, 1033 (11th Cir. 1981). An issue "is frivolous if it is 'without arguable merit either in law or fact.'" *Napier v. Preslicka*, 314 F.3d 528, 531 (11th Cir. 2002). "Arguable means being capable of being convincingly

---

[2] The Court notes that the "three strikes" provision of the Prison Litigation Reform Act ("PLRA") also prohibits a prisoner from "appeal[ing] a judgment in a civil action or proceeding" *in forma pauperis*

> if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). Plaintiff has had more than three of his cases or appeals dismissed on the statutorily-enumerated grounds prior to filing his notice of appeal in this case: *Daker v. Mokwa*, Order Denying Leave to Proceed IFP, ECF No. 2 in Case No. 2:14-cv-00395-UA-MRW (C.D. Cal. Feb. 4, 2014) (denying leave to proceed *in forma pauperis* and dismissing case after conducting screening under 28 U.S.C. § 1915(e)(2)(B) and finding claims were frivolous and failed to state a claim upon which relief may be granted); *Daker v. Warren*, Order Dismissing Appeal, Case No. 13-11630 (11th Cir. Mar. 4, 2014) (three-judge panel dismissal of appeal on grounds that appeal was frivolous); Order Dismissing Appeal, *Daker v. Warden*, Case No. 15-13148 (11th Cir. May 26, 2016) (three-judge panel dismissing appeal as frivolous); Order Dismissing Appeal, *Daker v. Commissioner*, Case No. 15-11266 (11th Cir. Oct. 7, 2016) (three-judge panel dismissing appeal as frivolous); Order Dismissing Appeal, *Daker v. Ferrero*, Case No. 15-13176 (11th Cir. Nov. 3, 2016) (three-judge panel dismissing appeal as frivolous); Order Dismissing Appeal, *Daker v. Governor*, Case No. 15-13179 (11th Cir. Dec. 19, 2016) (three-judge panel dismissing appeal as frivolous). Plaintiff has therefore accrued more than three "strikes" for purposes of § 1915(g), and he is thus precluded from proceeding *in forma pauperis* on appeal unless he is presently in imminent danger of serious physical injury. In light of the Court's finding that Plaintiff's appeal is not taken in good faith, however, the Court finds it unnecessary to address whether Plaintiff has demonstrated that he falls within § 1915(g)'s imminent danger exception.

argued." *Sun v. Forrester*, 939 F.2d 924, 925 (11th Cir. 1991) (per curiam) (quotation marks and citations omitted); *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993) (per curiam) ("[A] case is frivolous . . . when it appears the plaintiff 'has little or no chance of success.'") (citations omitted). "In deciding whether an [in forma pauperis] appeal is frivolous, a district court determines whether there is 'a factual and legal basis, of constitutional dimension, for the asserted wrong, however inartfully pleaded.'" *Sun*, 939 F.2d at 925 (citations omitted).

Although Plaintiff has not submitted a statement of the issues he intends to appeal in his motion to proceed *in forma pauperis*, as is required under Fed. R. App. P. 24(a)(1)(C), this Court's independent review of the issues addressed in the Court's June 8, 2017 Order demonstrates that Plaintiff's appeal is frivolous. *See Hyche v. Christensen*, 170 F.3d 769, 771 (7th Cir. 1999), *overruled on other grounds by Lee v. Clinton*, 209 F.3d 1025 (7th Cir. 2000) (explaining that the arguments to be advanced on appeal are often obvious and decisions regarding good faith can be made by looking at the "reasoning in the ruling sought to be appealed" instead of requiring a statement from the plaintiff). The appeal, therefore, is not brought in good faith. Plaintiff has raised no issues with arguable merit.

Consequently, Plaintiff's application to appeal *in forma pauperis* (ECF No. 22) is **DENIED.** If Plaintiff wishes to proceed with his appeal, he must pay the entire $505 appellate filing fee. Because Plaintiff has stated that he cannot pay the fee immediately, he must pay using the partial payment plan described under 28 U.S.C. § 1915(b). Pursuant to section 1915(b), the prison account custodian where Plaintiff is confined shall

cause to be remitted to the Clerk of this Court monthly payments of 20% of the preceding month's income credited to Plaintiff's account (to the extent the account balance exceeds $10) until the $505 appellate filing fee has been paid in full. Checks should be made payable to "Clerk, U.S. District Court." The Clerk of Court is **DIRECTED** to send a copy of this Order to the custodian of the prison in which Plaintiff is incarcerated.

**SO ORDERED**, this 17th day of August, 2017.

S/ C. Ashley Royal
C. ASHLEY ROYAL, SENIOR JUDGE
UNITED STATES DISTRICT COURT
